### PATRICK H. FLOOD *vs.* WILLIAM H. CLEMENCE.

In an action by one to whom the stock in a cigar shop was mortgaged and afterwards sold, against an officer who attached it as the property of the vendor, the defendant, to show that the mortgage and sale were fraudulent, introduced evidence that there was no change in the appearance of the shop after and before the sale. In reply, the plaintiff offered evidence that before the sale to him the vendor tried to sell the stock to another person, who applied to the plaintiff for his consent, and also that after the sale the plaintiff bought stock for the shop in his own name. *Held*, that the exclusion of this evidence afforded the plaintiff no ground of exception.

TORT for entering a cigar shop in Lowell, and converting the stock therein, being the property of the plaintiff.

At the trial at December term 1869 of the superior court, before *Wilkinson*, J., it appeared that the defendant, who was a deputy of the sheriff of Middlesex, attached the stock on July 10, 1868, on a writ against Peter Flood and as his property. The plaintiff offered evidence tending to show that on June 15, 1868, Peter Flood mortgaged to him the stock in the shop, and on July 6, 1868, gave him a bill of sale thereof, and that on this day he took possession of the shop and stock, and after that time paid the men employed therein.

The defendant contended that the mortgage and sale were fraudulent and void as to the creditors of Peter Flood, and offered evidence tending to show "that there was no change in the appearance of the shop, inside or outside, after the sale, up to the time of the trial, and that the business was carried on apparently in the same manner and by the same persons as before the sale;" and he contended "that the transaction was a secret trust for the benefit of Peter Flood, and to enable him to defraud, hinder and delay his creditors."

The plaintiff offered evidence to show that Peter Flood offered to sell the same stock, before July 6, 1868, to Asa Wright, who desired to purchase it and came to Boston to see if the plaintiff would agree that he might buy the stock of Peter Flood and carry on the business; and also that the stock purchased for the shop from July 13 to August 30, 1869, was bought by the plaintiff and in the plaintiff's name; but the judge ruled that the testimony was inadmissible.

The jury returned a verdict for the defendant; and the plain-
tiff alleged exceptions.

*T. Wentworth,* for the plaintiff.

*A. R. Brown,* (*E. A. Alger* with him,) for the defendant.

Colt, J.    The plaintiff proved the conveyance to him by
mortgage and sale of the stock in question, and offered evidence
tending to show that, before the attachment of it by the defend-
ant, he took possession of the property and the shop where it was,
under his title, and thereafter paid the men employed there.
These conveyances the defendant alleged to be fraudulent, and
produced evidence that there was no change in the appearance of
the shop, inside or outside, after the sale, up to the time of the
trial, and that the business was carried on apparently by the same
persons and in the same manner as before.

In reply, the plaintiff offered to prove that, at a time before
the final sale to him, the former owner offered to sell to another
party, who applied to him for his consent; and further, that after
the defendant's attachment stock was purchased for the shop by
the plaintiff in his own name.    We cannot see that the judge
erred in rejecting this evidence.    If it would, upon the facts dis-
closed, materially contradict the evidence to which it was offered
in reply, it was not so significant in character as to make its re-
jection good ground for ordering a new trial.

*Exceptions overruled.*